[Cite as *State v. Clelland*, 2016-Ohio-4827.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| :--- | :--- | :--- | :--- |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27740 |
| :--- | :--- | :--- |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CASEY J. CLELLAND | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2014 06 1804 |

DECISION AND JOURNAL ENTRY

Dated: July 6, 2016

WHITMORE, Judge.

{¶1} Appellant, Casey Clelland, appeals the trial court's decision that overruled his motion to suppress. This Court affirms.

I

{¶2} On a summer day, Officer Jeff Smith drove past a school parking lot and noticed a man sitting in the hot sun on a metal guardrail. Forty-five minutes later, he drove past again and noticed that the man had not moved from the spot. Officer Smith pulled into the lot within a few feet of him and started a conversation without exiting his cruiser. The man identified himself as Casey Clelland, but when Officer Smith asked him to spell his name, he hesitated, then misspelled it. Officer Smith asked for his social security number, and Clelland provided a seven-digit number. When Officer Smith asked if he had any outstanding warrants, Clelland responded, "Yeah, I think I do." Officer Smith's partner opened the door to exit the cruiser, and Clelland fled on foot.

{¶3}    When the officers apprehended Clelland, he told them that he had drugs on his person. The officers located a baggie of crack cocaine hidden on his body, and Clelland was charged with possession of cocaine in violation of R.C. 2925.11(A)/(C)(4) and obstructing official business in violation of R.C. 2921.31(A). Clelland moved to suppress, arguing that the encounter between Clelland and the police was a stop rather than a consensual encounter and, consequently, that the evidence should be suppressed because Officer Smith did not have a reasonable, articulable suspicion of criminal activity. The trial court denied the motion to suppress, and Clelland pleaded no contest to the charges against him. The trial court sentenced him to concurrent prison terms of one year and ninety days, respectively, and suspended the sentence on the condition that Clelland complete two years of community control. This appeal followed.

II

**Assignment of Error**

POLICE OFFICERS HAD NO RIGHT TO STOP [CLELLAND], SEIZE HIS PERSON, AND START QUESTIONING HIM IN A FIELD INVESTIGATION, TO ASCERTAIN WHETHER HE HAD A WARRANT OUTSTANDING. THE TRIAL COURT ERRED TO THE PREJUDICE OF [CLELLAND], BECAUSE OFFICER SMITH CONDUCTED AN INVESTIGATORY STOP – NOT A CONSENSUAL ENCOUNTER. THE TRIAL COURT ERRED WHEN IT DID NOT SUPPRESS THE UNLAWFUL SEIZURE, BECAUSE OFFICER [SMITH] DID NOT HAVE SUFFICIENT REASONABLE SUSPICION TO STOP [CLELLAND].

{¶4}    Clelland's assignment of error is that the trial court erred by denying his motion to suppress because, in his view, the interaction between him and the police was an investigatory stop rather than a consensual encounter. We disagree.

{¶5}    An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-

5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id*.; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2nd Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997). In this case, the trial court's findings of fact are not disputed, so we are presented with a question of law.

{¶6} An investigatory stop is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7. In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). But "not every encounter between a police officer and a citizen is an intrusion requiring an objective justification." *U.S. v. Mendenhall*, 446 U.S. 544, 553 (1980). Instead, there must be a "seizure" of the person, or a physical restraint of the freedom of movement by physical force or show of authority. *Id*. "As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." *Id*. at 554. The measure of whether a person has been seized for purposes of the Fourth Amendment is an objective one: whether, in light of all of the surrounding circumstances, the officer's words or actions would

have conveyed to a reasonable person that he was not free to leave. *California v. Hodari D.*, 499 U.S. 621, 628 (1991).

{¶7} In this case, Officer Smith testified that he drove into the parking lot where Clelland was located and pulled his cruiser within four or five feet of Clelland. Officer Smith did not activate his lights or sirens. He testified that he would only characterize his decision to approach Clelland as an "investigation" only to the extent that he wanted to ask, "hey, you all right, you've been sitting here for at least 45 minutes." He testified that he asked for Clelland's name so that he could determine whether there were any department records of field contact with him, but he had no indication that Clelland had committed or was going to commit a crime. Officer Smith was in uniform and carried a weapon in the holster at his hip, but remained seated inside the vehicle during his interaction with Clelland with the weapon holstered. He acknowledged that Clelland was not required to provide his social security number at that time.

{¶8} Officer Smith testified that Clelland was free to go during the conversation up until the point at which he told the officers that he had outstanding warrants. At that point, Officer Smith told his partner to get out of the car and, "[a]s soon as he cracked the door," Clelland ran away. According to Officer Smith, he and his partner pursued Clelland at that time because of his admission that he had outstanding warrants, and that was the sole reason for his subsequent detention.

{¶9} Clelland has argued that the determining factor in analyzing this case for purposes of the Fourth Amendment is the subjective intentions of the police officers. Stated differently, it is his position that the same conversation under the same circumstances could be a consensual encounter in one case but not another based solely on what the police officers were thinking at the time. The test for determining whether an encounter is consensual, however, is

objective and is focused on the reasonable belief of the accused. *Hodari D.*, 499 U.S. at 628. The officers' thought process is "irrelevant for Fourth Amendment purposes." *State v. Cuffman*, 3rd Dist. Crawford Nos. 3-11-01, 3-11-02, 2011-Ohio-4324, ¶ 22, citing *Whren v. United States*, 517 U.S. 806, 813-14 (1996) and *Arkansas v. Sullivan*, 532 U.S. 769, 771-72 (2001).

{¶10} Given the surrounding circumstances of the encounter, we conclude that a reasonable person in Clelland's position would not have felt from the officers' words and actions that he was compelled to remain. The totality of the circumstances demonstrates that the officers' interaction with Clelland was not a stop for purposes of the Fourth Amendment. His assignment of error is overruled.

### III

{¶11} Clelland's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.